UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MATRICIA MOORE,                                                    :

             Plaintiff,                               :       00 Civ. 7384 (PAC) (KNF)

  - against -                                                      :       <u>ORDER</u>

CONSOLIDATED EDISON COMPANY OF                   :
NEW YORK, INC., and JOHN MORRILL,
                                                                :

             Defendants.
                                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HONORABLE PAUL A. CROTTY, United States District Judge:

This matter was settled in open court on Tuesday, July 24, 2007. It brought to an end a litigation struggle that went on for seven long years. Demonstrating anew that "things are seldom what they seem," the parties have now filed a flurry of motions to reconfirm the settlement; to promptly pay attorney's fees; to fire Plaintiff's counsel; and to reopen the settlement, which was purportedly unauthorized. The motions are denied. The case will not be reopened, and the settlement agreement will be enforced.

**Procedural Background and Settlement**

During this protracted litigation, there were numerous allegations of abuses, wrongs, delays, digressions, and departures from the applicable rules. Defendant Con Edison moved for sanctions for serious misconduct in discovery, including striking Plaintiff's demand for damages. As the sanctions hearing was scheduled to commence, Mr. Mitchell, Plaintiff's counsel, announced: "yesterday we met and my client wants to settle the case." (July 24, 2007, Tr. pg. 3, l. 4.) That meeting included the Plaintiff, Ms.

Moore, who attended and participated in the settlement discussions.  When Mr. Mitchell said that the settlement would be subject to approval by a New York State Workers' Compensation Administrative Law Judge, which could be obtained in several days or weeks, the Court rejected that proposal because it appeared to be more consistent with the tactics of delay and obfuscation that had been too common throughout this protracted litigation.  The Court advised Mr. Mitchell to settle the matter immediately or to proceed with the sanctions hearing.  The Court allowed the parties a final chance to resolve their differences.

After a private meeting, the parties asked to meet the Court in the robing room because of the confidentiality of the settlement agreement.  The parties made a disclosure of the total amount of the settlement, the component parts thereof, as well as an overview of the mechanics of the settlement.

> Upon return to the courtroom, the following discussion occurred:
>
> The Court:  The parties had an off-the-record conversation that the matter has been resolved.  Do you want to read into the record, not the details of the agreement, but the fact that you have reached an agreement and Mr. Mitchell that you are authorized to make this agreement on your client's behalf?
> Mr. Mitchell:  Yes.  Based on the circumstances that occurred here today in the courtroom and my discussions with Mr. Sandak, I am authorized to settle this case and discontinue it.  And that's what we're doing based upon the agreement that Mr. Sandak and I made in the jury room.
> The Court:  And it was recited to me in an off-the-record conversation in the robing room.
> Mr. Mitchell:  That's correct.
> The Court:  Mr. Sandak, do you want to add anything?
> Mr. Sandak:  No, your Honor.
>
> (July 24, 2007, Tr. pg. 8, ll. 7-22.)

Mr. Mitchell then began to quibble about how soon the settlement would be effectuated and when his client would receive money.

2

> The Court: Mr. Mitchell, I'm going to give you one more chance.
> This is either settle[d] right now –
> Mr. Mitchell: It is settled. I'm just asking when we could be paid.
>
> (July 24, 2007, Tr. pg. 12, ll. 6-9.)

On July 27, 2007, the Court entered the following Order:

> "On July 24, 2007, the parties informed the Court that this action had been settled pursuant to terms revealed to the Court off the record. Plaintiff's counsel affirmed that he was authorized by Plaintiff to enter into a settlement on those terms, including voluntary dismissal of her claims in this action. Accordingly, the Court now dismisses Plaintiff's claims with prejudice based on the settlement. The Clerk of the Court is directed to close out this case."

Normally, that would resolve the case. Instead, it provoked a continuing scrum of letters, replies, motions, responses, and counter-responses. Ms. Moore wrote to the Court on July 29, 2007. She said she had read the transcript of the July 24, 2007 conference and then stated:

> My Attorney, Stephen Mitchell, did not have my authority as the opposing counsel, Mr. Sandak, suspected at that time, to settle my case. Mr. Mitchell has continually misled me with untruths and deceptions.

She raised two issues. First, she complained that documents she had provided to Mr. Mitchell had not been produced to Defendants pursuant to court orders. This observation is more relevant to the sanctions motion and has no apparent connection with the settlement. Second, she noted a dispute about testimony at Workers' Compensation hearings on July 16 and July 18, 2007, a week or so before this matter was settled in open Court on July 24, 2007.

Thereafter, Ms. Moore fired Mr. Mitchell on July 31, 2007. He returned fire with a novel motion on the same date: "Notice of Motion in Support of Motion to

3

Reconfirm Settlement." The motion was based on Ms. Moore's refusal "to sign settlement documents regarding attorney's fees." (Mitchell Mot. July 31, 2007). Mr. Mitchell asked that the settlement be approved without Ms. Moore's signature and that Mr. Mitchell receive his "attorney's fees from the settlement amount immediately . . . ." (Id.) Mr. Mitchell affirmed that his client, Ms. Moore, attended several meetings with him and defense counsel where all parties discussed the terms of settlement.[2]

On August 2, 2007, Mr. Mitchell again wrote to the Court and claimed that, notwithstanding the settlement of the case and its dismissal with prejudice, the Court could "retain ancillary jurisdiction . . . because the outstanding issues involves a fee dispute." (Mitchell Ltr. Aug. 2, 2007)

Mr. Sandak, counsel for Defendant, responded to Mr. Mitchell's motion on August 7, 2007 by urging its dismissal. He argued that Mr. Mitchell lacked standing, that the motion was unnecessary because the case had already been settled and dismissed, and that the motion was really a fee dispute between Mr. Mitchell and his now ex-client, Ms. Moore. Mr. Sandak argued that it was "undisputed that Mr. Mitchell had authority from his client to settle the matter, that the terms and conditions of the settlement were discussed with and agreed upon by Mr. Mitchell, and that the matter was indeed settled before Your Honor pursuant to those terms and conditions. There is no question that a valid and enforceable settlement agreement exists between the parties." (Proskauer Rose Ltr., Aug. 7, 2007, pg. 3.)

Mr. Mitchell immediately protested on August 7, 2007 that he was entitled to his fee and had a charging lien on the settlement amount. Further, he remembered that Con Edison had a duty to retain his fee and pay it over to him. He agreed with Proskauer

---

[2] At a hearing on September 5, 2007, Ms. Moore agreed that she had done so.

4

Rose that "[t]here is no dispute that the case is closed and I had authority from Ms. Moore to settle the case;" (Mitchell Ltr. Aug. 7, 2007) but Mr. Mitchell said Ms. Moore was refusing to sign the settlement agreement because of her refusal to pay the agreed upon legal fees. He requested that an order be entered directing that Con Edison be enjoined from paying over to Ms. Moore his portion of the settlement amount.

Ms. Moore then decided to file her own motions on August 13, 2007 as a pro se litigant. She moved (1) to reopen and set aside the Court Ordered Settlement Agreement and to Extend Negotiations; (2) to Reconsider the Reopening of the Dismissal Order of July 27, 2007; and (3) to Dismiss Mr. Mitchell's Motion to Reconfirm Settlement. Upon receiving notification of her pro se filing, this Court rejected it. Subsequent to the September 5, 2007 hearing, however, the Court allowed the pleading to be filed[3] and it was served on all parties.

In the affirmation supporting her motion, Ms. Moore maintained that, on July 24, 2007, Mr. Mitchell coerced her into providing a letter granting him limited authority to settle the federal claims at issue in the lawsuit. She concluded, based on her review of the July 24, 2007 hearing transcript, that Mr. Mitchell did not follow her explicit instructions in reaching the settlement. She specifically expressed concern that Mr. Mitchell failed to properly convey her demands to opposing counsel regarding her pension, 401(k) benefits, and Workers' Compensation. Then, after reciting a litany of alleged improprieties perpetrated by Mr. Mitchell, including deception, tardiness, and a general lack of professionalism, Ms. Moore asked that the Court allow her to substitute new counsel for Mr. Mitchell.

---

[3] The motion and accompanying documents are filed under seal given the sensitive nature of information contained therein.

On August 14, 2007, Mr. Mitchell submitted an Order to Show Cause, on a matter styled, <u>Mitchell v. Moore</u>, bearing the docket number of Ms. Moore's action against Con Edison. The proposed order, which was not signed, sought the entry of a lien against the proceeds of Ms. Moore's action against Con Edison.

The letter writing campaign continued. On August 18, 2007, Ms. Moore and Mr. Sandak sought a pre-motion conference. On August 20, 2007, Mr. Mitchell filed two letters; the first in response to Ms. Moore's motion, and the second in response to Mr. Sandak's request for a pre-motion conference. As to Ms. Moore's letter, Mr. Mitchell maintained that Ms. Moore's current objections about the settlement amounts were just a smokescreen and a pretext for her real dispute which concerned Mr. Mitchell's attorney's fees. The requests for the additional pension amounts, enhanced 401(k) contributions, and extended Workers' Compensation benefits, which she now seeks, had also been made during settlement negotiations and rejected by Con Edison.

The Court held a hearing on September 5, 2007[4] and reached the following conclusions:

(1) The settlement affirmed in open court by counsel for both parties on July 24, 2007 is final. A settlement agreement is a contract that, once entered into, is binding and conclusive. <u>Powell v. Omnicon</u>, 06-CV-0300, 2007 WL 2241494, at *2 (2d Cir. Aug. 7, 2007). When a party makes a deliberate, strategic choice to settle, a court will not relieve her of that choice solely because her assessment of the consequences was incorrect. <u>Id.</u> At the July 24, 2007 hearing, the parties agreed on the record that they had reached a settlement. It is of no matter that Ms. Moore later refused to sign the writing due to her dissatisfaction with either her counsel or the stipulated terms. A "'voluntary,

---

[4] The transcript of this conference is filed under seal.

6

clear, explicit, and unqualified stipulation of dismissal entered into by the parties in court and on the record is enforceable even if the agreement is never reduced to writing, signed, or filed.'" Id. (quoting Role v. Eureka Lodge No. 434, I.A. of M & A.W. AFL-CIO, 402 F.3d 314, 318 (2d Cir. 2005) (per curiam)).  Here, while the terms of the settlement were revealed to the Court off-the-record, the Court gave the parties ample opportunity on the record to either disavow the settlement or argue its terms.  The parties did neither.  Accordingly, the Court obtained a "voluntary, clear, explicit, and unqualified" statement of settlement from both parties on the record in open court that will not be disturbed.

        (2)    Mr. Mitchell was authorized to settle, notwithstanding Ms. Moore's after-the-fact claim that she did not wholly authorize Mr. Mitchell to do so.  While "[i]t is axiomatic that the decision to settle a case rests with the client," courts "presume that an attorney-of-record who enters into a settlement agreement, purportedly on behalf of the client, had authority to do so." Pereira v. Sonia Holdings (In re Artha Mgmt.), 91 F.3d 326, 329 (2d Cir. 1996).  "If an attorney has apparent authority to settle a case, and the opposing counsel has no reason to doubt that authority, the settlement will be upheld." Janneh v. GAF Corp., 887 F.2d 432, 436 (2d Cir. 1989); see also Delyanis v. Dyna-Empire, Inc., 465 F. Supp. 2d 170, 175-76 (E.D.N.Y. 2006).  Here, Mr. Mitchell stated in court on July 24, 2007 that he was authorized to settle the case.  The opposing counsel had no reason to doubt the existence of such authority, nor did the Court.  This is especially true given Ms. Moore's admitted attendance and participation at settlement

7

negotiations with Mr. Mitchell and the Defendant. Thus, this Court finds that Mr. Mitchell had the authority to enter a settlement on behalf of Ms. Moore.[5]

(3) The finality of the settlement and counsel's authority to settle the matter are also confirmed by the circumstances in which the settlement was entered. Plaintiff faced a very serious threat that sanctions, including the striking of the damage claim, were likely to be imposed. In these circumstances, settlement was the most appropriate course to follow and certainly in the Plaintiff's best interests. The current attempt to avoid the consequences of sanctions and yet improve on the terms of the settlement is almost a classic case of overreaching by one who cannot be satisfied.

(4) Ms. Moore's behavior is inappropriate. Having avoided the possibility of sanctions, she now seeks an opportunity to make renewed demands which have already been rejected during settlement negotiations. Further, what she seeks by way of back contributions is not legally permissible, as defendant Con Edison explained both in the settlement negotiations, and again in open Court on September 5, 2007.

(5) The fee dispute by Mr. Mitchell and his former client is completely ancillary to this action. The decision to assume ancillary jurisdiction is left to the Court's discretion and turns upon "whether the policies of judicial economy, convenience, and fairness to litigants are furthered by the assumption of jurisdiction." Chesley v. Union Carbide, 927 F.2d 60, 64 (2d Cir. 1991) (quotations omitted). The Court declines to exercise it here. Mr. Mitchell has delayed and frustrated this action; Ms. Moore has

---

[5] Allowing clients to make after-the-fact second guesses would sap the courts' decision-making authority and lead to crippling delay. If courts were unable to accept the representations of counsel in open court, every decision informed by such representations would be subject to a second bite where the client could maintain that her attorney was not authorized, if she did not like the result. At the very least, this would undermine the usefulness of settlement as a means of expeditiously resolving a dispute to the mutual satisfaction of the parties, a result strongly favored by courts. See Delyanis, 465 F. Supp. 2d at 173.

avoided sanctions but now wants to frustrate the settlement in a belated attempt to improve its terms. It is a waste of scarce federal judicial resources to spend any more time on this matter—either by this Court or a Magistrate Judge.

Accordingly, Ms. Moore's motion to reopen is denied; Mr. Mitchell's request to confirm is dismissed as moot; and the Court declines to exercise ancillary jurisdiction over the fee dispute. The matter has been previously dismissed after settlement in open Court. That conclusion will not be disturbed.

Dated:   New York, New York
         September 19, 2007

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copies Emailed To:

Lawrence Roy Sandak, Esq.
Proskauer Rose LLP (Newark)
One Newark Center
18th Floor
Newark, New Jersey  07102
973.274.3256
Fax: 973.274.3299
Email: lsandak@proskauer.com

Stephen T. Mitchell, Esq.
67 Wall Street
Suite 2211
New York, New York  10007
Email: stm7615@aol.com

Via Interoffice Mail To:

Magistrate Judge Kevin Nathaniel Fox, Chambers 530

9

<u>Via Regular Mail To</u>:

Ms. Matricia Moore
235 Jefferson Street
Staten Island, New York  10306

avoided sanctions but now wants to frustrate the settlement in a belated attempt to improve its terms. It is a waste of scarce federal judicial resources to spend any more time on this matter—either by this Court or a Magistrate Judge.

Accordingly, Ms. Moore's motion to reopen is denied; Mr. Mitchell's request to confirm is dismissed as moot; and the Court declines to exercise ancillary jurisdiction over the fee dispute. The matter has been previously dismissed after settlement in open Court. That conclusion will not be disturbed.

Dated:  New York, New York
        September 19, 2007

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies Emailed To:

Lawrence Roy Sandak, Esq.
Proskauer Rose LLP (Newark)
One Newark Center
18th Floor
Newark, New Jersey  07102
973.274.3256
Fax: 973.274.3299
Email: lsandak@proskauer.com

Stephen T. Mitchell, Esq.
67 Wall Street
Suite 2211
New York, New York  10007
Email: stm7615@aol.com

Via Interoffice Mail To:

Magistrate Judge Kevin Nathaniel Fox, Chambers 530

<u>Via Regular Mail To</u>:

Ms. Matricia Moore
235 Jefferson Street
Staten Island, New York  10306